16-4038-cr
*United States v. Mikhael*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
           SUSAN L. CARNEY,
                   *Circuit Judges,*
           LAWRENCE J. VILARDO,
                   *District Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee,*          16-4038-cr

        v.

JEAN PIERRE MIKHAEL,

        *Defendant-Appellant.*[†]

---

| | |
|---|---|
| **FOR APPELLEE:** | JONATHAN COHEN, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States |

---

[*] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as shown above.

Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**                    STEPHEN N. PREZIOSI, Law Office of Stephen N. Preziosi, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 1, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Jean Pierre Mikhael appeals from a December 1, 2016 judgment of the District Court entered after a jury convicted him of one count of conspiracy to distribute and possess with the intent to distribute 1,000 kilograms or more of marijuana ("Count One"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of distribution of and possession with the intent to distribute oxycodone ("Count Two"), in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). On appeal, Mikhael argues that: (1) the District Court erred when it denied Mikhael's Rule 29 motion for a judgment of acquittal on Count One because the statute of limitations barred that count as charged in both the indictment of March 19, 2014 (the "Original Indictment") and that of February 13, 2015 (the "Superseding Indictment"); (2) the District Court erred when it denied Mikhael's Rule 29 motion for a judgment of acquittal on Count Two because of insufficiency of evidence; (3) the District Court abused its discretion when it admitted evidence of earlier, uncharged sales of marijuana that predated the charged conspiracy; and (4) his trial counsel was ineffective because he failed to raise the statutes of limitations issues and agreed to the admission of the evidence of earlier, uncharged sales of marijuana. Upon review, we conclude that Mikhael's arguments are without merit and affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

Considered independently, the Superseding Indictment was timely filed. Mikhael does not argue otherwise. Rather, Mikhael contends that the Original Indictment was untimely—a contention belied by the face of the Original Indictment—and then concludes that the government cannot rely on the "relation back" doctrine to render the Superseding Indictment timely. Mikhael's argument fails for the simple reason that the "relation back" doctrine is irrelevant where the superseding indictment was "independently timely." *United States v. Ben Zvi*, 242 F.3d 89, 98 (2d Cir. 2001); *see also Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 111 (2d Cir. 2013) (noting that "'relation back' doctrine" is only relevant "absent circumstances that would render the newly asserted claims independently timely"). Here, the February 13, 2015 Superseding Indictment charged Mikhael with a conspiracy that continued until March 2014. The Superseding Indictment was thus

2

filed well within the five-year statute of limitations applicable to conspiracy. Accordingly, we conclude that the Superseding Indictment under which Mikhael was convicted was not barred by the statute of limitations. We also reject Mikhael's argument that the evidence was insufficient to prove the existence of a single conspiracy spanning the time from 2003 to March 2014. "[W]hether multiple conspiracies existed is a question of fact for the jury," *United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997), and we will not disturb the jury's finding that there was a single conspiracy here.

Mikhael also argues that the District Court erred when it denied his Rule 29 motion for a judgment of acquittal on Count Two. Mikhael asserts that no rational trier of fact could have found that he was guilty beyond a reasonable doubt, principally because the government's trial witness had serious substance abuse problems and admitted lying in the past, and because that witness's testimony on this count was equivocal. We are unpersuaded.

We review the District Court's sufficiency decision *de novo*, but "view the evidence in the light most favorable to the Government, crediting every inference that could have been drawn in the Government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Brock*, 789 F.3d 60, 63 (2d Cir. 2015) (internal quotation marks omitted). Upon such review, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Mikhael distributed and possessed with the intent to distribute oxycodone on the basis of the witness's testimony as corroborated by the text messages between him and Mikhael. Simply put, the witness's testimony that Mikhael gave him oxycodone before a cross-country trip, and that he was "pretty sure" that those pills were 30-milligram oxycodone pills, App'x at 184, is not so "patently incredible" that it necessitates our "intrud[ing] upon the jury function of credibility assessment." *United States v. Bell*, 584 F.3d 478, 483 (2d Cir. 2009) (internal quotation marks omitted).

Finally, we conclude that the District Court did not "abuse its discretion" or err when it admitted, with an appropriate limiting instruction, witness testimony of marijuana sales before the charged conspiracy began. And because we find Mikhael's arguments about the statutes of limitations and the admission of evidence of earlier marijuana sales to be meritless, we also find his ineffectiveness-of-counsel arguments meritless.

## CONCLUSION

We have reviewed all of the arguments raised by Mikhael on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 1, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3